# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY; and
ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

     Plaintiffs,

v.

UNIVERSAL HEALTH GROUP, INC. d/b/a
SAGINAW SPINE AND PAIN, MICHIGAN
SPINE AND REHAB, ASSOCIATED
MEDICAL, INC., ASSOCIATED
CHIROPRACTIC & MEDICAL CENTER, and
REHAB, INC.; PROFESSIONAL HEALTH
SYSTEMS, LLC; HEALTH SYSTEMS, INC.;
UNITED WELLNESS CENTERS, INC.;
UNITED WELLNESS CENTER OF DETROIT,
PLLC; UNITED WELLNESS CENTER OF
FLINT, PLLC; UNITED WELLNESS CENTER
OF LANSING, PLLC; CLEAR IMAGING LLC;
HORIZON IMAGING LLC; ASSOCIATED
SURGICAL CENTER, P.C.; AMERICAN
SURGICAL CENTERS I, INC.; AMERICAN
SURGICAL CENTERS II, LLC; WCIS
MEDIA, LLC; UHG MANAGEMENT, LLC;
UNITED WELLNESS CENTERS
MANAGEMENT, LLC; GREATER
MICHIGAN PROFESSIONAL SERVICES
LLC d/b/a MI PRO CONSULTANTS; SCOTT
P. ZACK, D.C.; DAVID M. KATZ, D.C.;
CORY J. MANN; YISROEL SIGLER; EVAN
P. SHAW; RON WALTZ; MAZIN K. YALDO,
M.D.; SILVIO J. COZZETTO, D.C.; VINCENT
L. CELENTANO; JOSEPH F. DESANTO;
NICOLE F. MARTINEZ; ANTHONY F.
SERENO; LOREN C. CHUDLER, D.O.; JEFF
S. PIERCE, D.O.; CHINTAN DESAI, M.D.; and
MICHAEL PALEY, M.D.,

     Defendants.

Case No. 13-cv-15108
Hon. Victoria A. Roberts
Magistrate Mona K. Majzoub

**DEFENDANT EVAN P. SHAW'S
MOTION TO DISMISS
COMPLAINT PURSUANT TO
RULE 12(b)(6) OF THE
FEDERAL RULES OF CIVIL
PROCEDURE**

_____/

<u>DEFENDANT EVAN P. SHAW'S</u>
<u>MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) OF</u>
<u>THE FEDERAL RULES OF CIVIL PROCEDURE</u>

Defendant Evan P. Shaw by his attorney, Robert S. Harrison of Robert Harrison & Associates, PLC, moves to dismiss Allstate Insurance Company's, Allstate Indemnity Company's, and Allstate Property and Casualty Company's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant relies on the arguments and legal authority set forth in his Brief filed in support of this Motion and adopts and incorporates by reference the Briefs in Support of the Motions to Dismiss submitted by Co-Defendants Clear Imaging, LLC (Dkt. #82) and Scott P. Zack, D.C., David M. Katz, D.C., and Cory J. Mann (Dkt. #89).

Concurrence of counsel in the relief requested herein was sought but concurrence was denied.  Hence it was necessary to file this motion.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

|  |  |
|---|---|
| | **Robert Harrison & Associates, PLC** |
| Dated:  April 17, 2014 | By:  /s/     Robert S. Harrison |
| | Robert S. Harrison (P14691) |
| | Attorneys for Defendant Evan P. Shaw |
| | 200 East Long Lake Road, Suite 110 |
| | Bloomfield Hills, Michigan 48304 |
| | (248) 283-1600 |
| | rsh@harrisonplc.com |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY,
ALLSTATE PROPERTY AND
CASUALTY COMPANY,

                Plaintiffs,

                                              Case No.:  13-15108

v.                                         Hon. Victoria A. Roberts
                                            Magistrate Mona K. Majzoub

EVAN P. SHAW, *et al.*

                Defendant

_____/

### BRIEF IN SUPPORT OF DEFENDANT EVAN P. SHAW'S
### MOTION TO DISMISS COMPLAINT PURSUANT TO
### RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Evan P. Shaw, by his attorney, Robert S. Harrison of Robert

Harrison & Associates, PLC, files this brief in support of his Motion to Dismiss

Allstate Insurance Company's, Allstate Indemnity Company's, and Allstate

Property and Casualty Company's Complaint Pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  Defendant Shaw adopts and incorporates by

reference the Briefs in Support of the Motions to Dismiss submitted by Co-

Defendants Clear Imaging, LLC (Dkt. #82) and Scott P. Zack, D.C., David M.

Katz, D.C., and Cory J. Mann (Dkt. #89).  For the purposes of this Motion,

Defendant Shaw is a similarly situated party to the above-stated Co-Defendants;

the allegations against Defendant Shaw are similar to the allegations against above-

stated Co-Defendants; and the legal arguments and analysis contained in the Motions to Dismiss submitted by the above-stated Co-Defendants equally apply to Shaw.  Shaw hereby concurs with and  incorporates the Motions to Dismiss submitted by Clear Imaging, LLC, (Dkt. #82) and Scott P. Zack, D.C., David M. Katz, D.C., and Cory J. Mann (Dkt. #89) to this Motion. Shaw separately submits the attached Motion to Dismiss with facts specific to Defendant Shaw and reserves the right to file his own Reply Brief in support of his Motion to Dismiss, and requests oral argument.

Defendant Shaw concurs in the relief sought in the Motions to Dismiss submitted by Clear Imaging, LLC, (Dkt. #82) and Scott P. Zack, D.C., David M. Katz, D.C., and Cory J. Mann (Dkt. #89) and requests that the Complaint, to the extent that it relates to Shaw, be dismissed in whole or in part with prejudice. Further, Defendant Shaw requests that he be awarded costs and attorney fees incurred in the defense of this matter.

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED.................................................................v

CONTROLLING AUTHORITY FOR RELIEF SOUGHT .................................. vii

INDEX OF AUTHORITIES.................................................................................. ix

I.  SUMMARY OF COMPLAINT ...................................................................1

II.  STANDARD OF REVIEW……………………………………………….3

II.  LEGAL AUTHORITY AND ARGUMENT ...............................................3

    A.  Concurrence in Law & Arguments set forth in the Briefs in Support of the Motions to Dismiss Submitted by Co-Defendants Clear Imaging, LLC (Dkt. #82) and Scott P. Zack, D.C., David M. Katz, D.C., and Cory J. Mann (Dkt. #89)…………………………...…………………….3

    B.  Counts I, III, V, VII, IX, XI, XIII, XV, XVII, and IX Fail to Allege a Basis for Any Specific Defendant's Liability and Otherwise Meet the Pleading Requirements of Rules 8(a)(2) and 9(b) and the Resulting Failure to Satisfy the "Pattern of Racketeering Activity" Requirement in Pleading a RICO Cause of Action Compels Dismissal……………4

        1. Plaintiff Fails to Plead with the Requisite Specificity how Shaw Participated in a RICO "Enterprise"……………………….…..4

        2. Complaint Fails to Plead how Shaw Participated in Two Predicate Acts of Racketeering Requisite Rule 9(b) Particularity………………………………………………....…..9

        3. Failure to Allege a "Pattern of Rackettering Activity"…………..14

    C.  Counts II, IV, VI, VIII, X, XII, XIV, XVI, XVIII, and XX Fail to Allege a Basis for Defendant's Liability and Otherwise Meet the Pleading Requirements of Rules 8(a)(2) and 9(b) and the Resulting Failure to Satisfy the "Pattern of Racketeering Activity" Requirement in Pleading a RICO Cause of Action Compels Dismissal of RICO Conspiracy Charges……………………………………………………14

    D.  Counts I-XX should be Dismissed as to Defendant Shaw as Legal Counsel is not Considered Part of the Management of a Civil RICO Enterprise……………………………………………………………16

    E.  Dismissal of Count XXI Asserting Fraud Is Compelled Due to Lack of  Particularity Under Rule 9(b)…………………………………20

F. Dismissal of Count XXII Asserting Civil Conspiracy Is Compelled Under the Intra-Corporate Conspiracy Doctrine……………………………22

III.    CONCLUSION…………………………………………………………….24

## **STATEMENT OF ISSUES PRESENTED**

Defendant Shaw adopts and incorporates by reference the Statement of Issues Presented in the Brief in Support of the Motions to Dismiss submitted by Co-Defendants Clear Imaging, LLC (Dkt. #82) and Scott P. Zack, D.C., David M. Katz, D.C., and Cory J. Mann (Dkt. #89).  Defendant Shaw submits the following as an addendum to the Statement of Issues Presented in the aforementioned Motions to Dismiss.

I.  Should this Honorable Court dismiss Counts I, III, V, VII, IX, XI, XIII, XV, XVII, and IX because the counts fail to allege a basis for defendant's liability and otherwise meet pleading requirements of Rules 8(a)(2) and 9(b)?

   Defendant answers:       "Yes."
   Plaintiff answers:         "No."

II. Should this Honorable Court dismiss Counts II, IV, VI, VIII, X, XII, XIV, XVI, XVIII, and XX because of the failure to satisfy pleading requirements and establish a pattern of racketeering activity?

   Defendant answers:       "Yes."
   Plaintiff answers:         "No."

III. Should this Honorable Court dismiss Counts I-XX because defendant was legal counsel to the entities and hence is not considered part of the management of any RICO enterprise?

   Defendant answers:       "Yes."
   Plaintiff answers:         "No."

IV. Should this Honorable Court dismiss Count XXI because allegations of fraud are not pleaded with requisite particularity under rule 9(b)?

   Defendant answers:       "Yes."
   Plaintiff answers:         "No."

VI.    Should this Honorable Court dismiss Count XXII because defendant cannot be held liable for civil conspiracy as he was acting as an agent within the scope of his employment under the Intra-Corporate Conspiracy Doctrine?

Defendant answers:          "Yes."
Plaintiff answers:          "No."

## CONTROLLING AUTHORITY FOR RELIEF SOUGHT

Defendant Shaw adopts and incorporates by reference the Controlling Authority for Relief Sought in the Briefs in Support of the Motions to Dismiss submitted by Co-Defendants Clear Imaging, LLC (Dkt. #82) and Scott P. Zack, D.C., David M. Katz, D.C., and Cory J. Mann (Dkt. #89). Defendant Shaw submits the following as an addendum to the Controlling Authority in the aforementioned Motions to Dismiss.

I.  18 U.S.C. § 1962, 18 U.S.C. § 1961(5), Rule 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Hall Am. Ctr. Assocs. Ltd. Partnership v. Dick*, 726 F. Supp. 1083 (E.D. Mich. 1989), *Beck v. Cantor Fitzgerald & Co.*, 621 F. Supp. 1547 (N.D. Ill. 1985), dictate that the relief sought in the first issue presented in this Motion be granted.

II. 18 U.S.C. § 1962, *Hall Am. Ctr. Assocs. Ltd. Partnership v. Dick*, 726 F. Supp. 1083 (E.D. Mich. 1989), *Salinas v. United States*, 522 U.S. 52 (1997), *Davis v. Mutual Life Insurance Co. of New York*, 6 F.3d 367 (6th Cir. 1993), and *United States v. Joseph*, 835 F.2d 1149 (6th Cir. 1987) dictate that the relief sought in the second issue presented in this Motion be granted.

III. 18 U.S.C. § 1962 and *Reves v. Ernst & Young*, 507 U.S. 170 (1993) dictate that the relief sought in the third issue presented in this Motion be granted.

IV.    Rule 9(b) of the Federal Rules of Civil Procedure and *Buntea v. State Farm Mut. Auto Ins. Co.*, 467 F. Supp. 2d 740 (E.D. Mich. 2006) dictate that the relief sought in the fourth issue presented in this Motion be granted.

VI.    *Landmark Savings & Loan v. Rhoades*, 527 F. Supp. 206 (E.D. Mich. 1981) and *Vandenheede v. Vecchio*, 2013 U.S. Dist. LEXIS 25845 (E.D. Mich. 2013) dictate that the relief sought in the sixth issue presented in this Motion be granted.

# INDEX OF AUTHORITIES

**Cases**

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545 (6th Cir. 2007) ........................................................................................................................6

*Beck v. Cantor Fitzgerald & Co.*, 621 F. Supp. 1547 (N.D. Ill. 1985) ....................5

*Begala v. PNC Bank*, 214 F.3d 776 (6th Cir. 2000) ...............................................6, 8

*Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984) ...................................11

*Berent v. Kemper Corp.,* 780 F. Supp. 431 (E.D. Mich. 1991) ...............................10

*Blount Fin'l Servs., Inc. v. Heller & Co.*, 819 F.2d 151 (6th Cir. 1987) ................11

*Bridge v. Phoenix Bond & Indem Co.*, 553 U.S. 639 (2008)....................................9

*Buntea v. State Farm Mut. Auto Ins. Co.*, 467 F. Supp. 2d 740 (E.D. Mich. 2006) 21

*Carr v. Countrymark Cooperative*, 1998 U.S. Dist. LEXIS 23000 (S.D. Ohio 1998) ..................................................................................................................... 10, 11

*Craighead v. EF Hutton*, 899 F.2d 485 (6th Cir. 1990) .................................... 12, 14

*Davis v. Mutual Life Insurance Co. of New York*, 6 F.3d 367 (6th Cir. 1993).........18

*DeLorean v. Cork Gully*, 118 B.R. 932 (E.D. Mich. 1990).......................... 9, 10, 11

*Dimov v. EMC Mortgage Corp.* 2010 U.S. Dist. LEXIS 60659 (E.D. Tenn. 2010) 5, 6, 8

*Durant v. Servicemaster Co.*, 159 F. Supp. 2d 977 (E.D. Mich. 2001)....................3

*Early Detection Center, PC v. New York Life Ins. Co.*, 403 N.W. 2d 830 (Mich. Ct. App. 1986) ..........................................................................................................22

*Eby v. Producers Co-Op*, 959 F. Supp. 428 (W.D. Mich. 1997) .................... 11, 12

*Hall Am. Ctr. Assocs. Ltd. Partnership v. Dick*, 726 F. Supp. 1083 (E.D. Mich. 1989) ................................................................................ 4, 5, 7, 8, 9, 10, 11, 14

*Landmark Savings & Loan v. Rhoades*, 527 F. Supp. 206 (E.D. Mich. 1981) .......22

*Miller v. Countrywide Home Loans, et al*, 747 F. Supp. 2d 947 (S.D. Ohio 2010) 16

*Moon v. Harrison Piping Supply*, 465 F.3d 719 (6th Cir. 2006) ................................9

*Ouwinga v. Benistar 419 Plan Servs.*, 694 F.3d 783 (6th Cir. 2012) ............... 17, 18

*Penn v. Prosper Business Development*, 2011 U.S. Dist. LEXIS 57366 (S.D. Ohio
    2011) ...................................................................................... 10, 16, 20

*Perkins v. Wells Fargo Bank*, 2014 U.S. App. LEXIS 5006 (6th Cir. 2014)
    (unpublished) ..................................................................................7

*Reves v. Ernst & Young*, 507 U.S. 170 (1993) ................................................ 16, 17

*Salinas v. United States*, 522 U.S. 52 (1997) .............................................15

*Temborius v. Slatkin*, 157 Mich. App. 587 (Mich. Ct. App. 1986) ........................22

*Tropf v. Holzman*, 2006 Mich. App. LEXIS 131 (Mich. Ct. App. 2006)
    (unpublished) ..................................................................................22

*Uniprop, Inc. v. Morganroth*, 260 Mich. App. 442 (Mich. Ct. App. 2004) ...........23

*United States v. Driver*, 535 F.3d 424 (6th Cir. 2008) ...............................15

*United States v. Joseph*, 835 F.2d 1149 (6th Cir. 1987) ...........................14

*United States v. Neapolitan*, 791 F.2d 489 (7th Cir. 1986) .......................14

*VanDenBroek v. CommonPoint Mortgage Co.*, 210 F.3d 696 (6th Cir. 2000) ...9, 10

*Vandenheede v. Vecchio*, 2013 U.S. Dist. LEXIS 25845 (E.D. Mich. 2013) .........23

*Walter v. Drayson*, 538 F.3d 1244 (9th Cir. 2008) ..................................... 16, 17, 20

*Warren v. Mfrs. Nat'l Bank of Detroit*, 759 F.2d 542 (6th Cir. 1985) ...................10

**Statutes**

18 U.S.C. § 1961(4) ..............................................................................7

18 U.S.C. § 1961(5) .............................................................................9, 14

18 U.S.C. § 1962 ...............................................................................4, 11

18 U.S.C. § 1962(c) ................................................... 5, 6, 7, 9, 13, 15, 16

18 U.S.C. § 1962(d) ............................................................. 5, 7, 14, 15

18 U.S.C. § 1964(c) ...............................................................................4

**Rules**

Fed. R. Civ. P. 8(a)(2) ..........................................................................8, 14

Fed. R. Civ. P. 9(b) .......................................... 9, 11, 13, 14, 18, 20, 21, 22

Fed. R. Civ. P. 12(b)(6)……………………………………………………...8, 24

## I.   SUMMARY OF COMPLAINT

At all relevant times, Defendant was a licensed attorney in Michigan,

General Counsel of co-defendant Professional Health Systems, LLC ("PHS"), and

associated with the law firm Shaw & Associates.  (Complaint, ¶¶ 121-123. The

Complaint alleges that co-defendants Scott P. Zack, D.C. ("Zack") and David M.

Katz, D.C. ("Katz") founded co-defendants Universal Health Group, Inc. ("UHG")

and PHS, and subsequently acquired or maintained ownership interests in other

medical facilities, surgical centers, and MRI facilities. *See, e.g.* Complaint, ¶¶ 186-

188.  According to the Complaint, PHS "represents the management 'nucleus' of

the UHG conglomerate and allowed for the consolidation of power and the

direction of medical treatment to be determined by persons . . . motivated solely by

profit".  (Complaint, ¶ 47).   This conglomeration allegedly led to a mill that

created financial incentives for the overutilization of medical services.

(Complaint, ¶ 404).  This incentive allegedly led the management of UHG/PHS to

establish a predetermined protocol dictating treatment at every step without patient

individualization.  (Complaint, ¶ 416).  This directive towards excessive treatment

led to defendants defrauding Allstate by wrongfully exploiting Michigan's No-

Fault benefits.  (Complaint, ¶ 415).

Allstate alleges in the most general terms that Defendant Evan P. Shaw

participated in the purposeful misrepresentation of billing claims submitted by the

medical facility defendants to Allstate through the U.S. Mail.  Additionally, the Complaint alleges, again in the most general terms, that Shaw pressured medical professionals to write certain prescriptions, including orders for expensive attendant care benefits, for patients. (Complaint, ¶ 1296). Further, the Complaint alleges that Shaw pressured doctors to postdate medical records and make certain diagnoses to assist lawyers in litigation against insurance companies.  (Complaint, ¶¶ 297, 413).  Last, the Complaint alleges that Shaw used his position as General Counsel to order that narratives and reports written by personal injury attorneys be included in patient medical charts.  (Complaint, ¶¶ 230, 231, 232).  Neither the Complaint nor the attached exhibits reference a specific record, prescription, order, or diagnosis fraudulently submitted or prepared by Shaw.

The PHS/UHG management team allegedly directed the medical facility defendants to submit claims that materially misrepresented the medical services provided as necessary, reasonable, and lawfully rendered.  (Complaint, ¶ 210). Allstate alleges that the management team concealed facts regarding medical necessity, which prevented the plaintiff from discovering that the treatments were not compensable under Michigan's No-Fault Act.  (Complaint, ¶ 463).  The sole piece of evidence that Allstate submits to support a claim that Shaw is a member of the PHS/UHG management team is a printout of a website listing Shaw, in his role as legal counsel, as part of the PHS "Management Team".  (Exh. 12 to the

Complaint).

## II.    STANDARD OF REVIEW

Shaw adopts and incorporates by reference the statement of standard of review, the law, and other authority, set forth in the Briefs in Support of the Motions to Dismiss submitted by Co-Defendants Clear Imaging, LLC (Dkt. #82) and Scott P. Zack, D.C., David M. Katz, D.C., and Cory J. Mann (Dkt. #89).  In addition, we note, "Because of the opprobrium that a RICO claim brings to a defendant . . . courts should eliminate frivolous RICO claims at the earliest stage of litigation." *Durant v. Servicemaster Co.*, 159 F. Supp. 2d 977, 981 (E.D. Mich. 2001).

## III.   LEGAL AUTHORITY AND ARGUMENT

### A.    Concurrence in Law & Arguments set forth in the Briefs in Support of the Motions to Dismiss Submitted by Co-Defendants Clear Imaging, LLC (Dkt. #82) and Scott P. Zack, D.C., David M. Katz, D.C., and Cory J. Mann (Dkt. #89).

Shaw concurs, joins, and incorporates by reference as if in their entirety the law cited and legal arguments set forth in the Briefs in Support of the Motions to Dismiss submitted by Co-Defendants Clear Imaging, LLC (Dkt. #82) and Co-Defendants Scott P. Zack, D.C., David M. Katz, D.C., and Cory J. Mann (Dkt. #89).

Shaw, by and through counsel, writes separately to discuss the application of these legal principles to certain facts unique to his role as legal counsel to PHS.

**B.     Counts I, III, V, VII, IX, XI, XIII, XV, XVII, and IX Fail to Allege a Basis for Defendant's Liability and Otherwise Meet the Pleading Requirements of Rules 8(a)(2) and 9(b) and the Resulting Failure to Satisfy the "Pattern of Racketeering Activity" Requirement in Pleading a RICO Cause of Action Compels Dismissal**

In order to recover on a claim for violation of the civil RICO statute, a plaintiff must allege that defendant violated the substantive RICO statute, 18 U.S.C. § 1962, and must also allege that he was "injured in his business or property by reason of a violation of § 1962." 18 U.S.C. § 1964(c).  To allege a violation of § 1962©, a plaintiff must allege "(1) a person (2) employed by or associated with (3) an enterprise engaged in or affecting interstate commerce (4) and such person conducts or participates, directly or indirectly, in that enterprise's affairs (5) through a pattern (6) of racketeering activity." *Hall Am. Ctr. Assocs. Ltd. Partnership v. Dick*, 726 F. Supp. 1083, 1087, n 8 (E.D. Mich. 1989).

*1.     Plaintiff Fails to Plead with the Requisite Specificity how Shaw Participated in a RICO "Enterprise"*

"Each defendant is entitled to individual consideration and to know what enterprise it is that they are alleged to have illegally conducted through a pattern of racketeering activity." *Hall*, 726 F. Supp. at 1089.  "If the plaintiffs intend to allege separate RICO claims as to . . . [multiple defendants], they should allege separate RICO counts in which they provide factual support for *each* RICO element as to *each* RICO defendant." *Id.* at 1091 (emphasis in original). "If plaintiff cannot plead

a separate, lasting enterprise apart from each defendant alleged to be liable under Section 1962(c) and specify the predicate acts and conduct of that enterprise by each allegedly liable defendant with particularity, in separate counts, he has no business charging RICO violations." *Beck v. Cantor Fitzgerald & Co.*, 621 F. Supp. 1547, 1563 (N.D. Ill. 1985).

    *Hall* provides more insight into Sixth Circuit analysis of the matter, finding the following allegations in a complaint to be insufficient in alleging enterprise: "[Defendants] conspired in an enterprise to fraudulently misrepresent themselves . . ." *Hall* at 1088. *Hall* identifies several reasons that this is an insufficient pleading. First, the plaintiffs indiscriminately lumped all RICO defendants in one count, when in fact, "each defendant is entitled to individual consideration and to know what enterprise it is that they are alleged to have illegally conducted through a pattern of racketeering activity". *Id*. at 1089. The Sixth Circuit found that lumping defendants together makes it impossible to determine whether the allegations run afoul of myriad rules regarding alleging enterprise because it is not clear "of what or whom that enterprise consists". *Id*. at 1090.

    Federal district courts in the Sixth Circuit will dismiss Civil RICO claims for failing to properly plead each of the latter factors. In *Dimov v. EMC Mortgage Corp.* 2010 U.S. Dist. LEXIS 60659 (E.D. Tenn. 2010), the court granted a motion to dismiss a *pro se* complaint for violations of §§ 1962(c) -(d) for several reasons

relevant here. Noting that the "proper defendant" in a § 1962(c) case is the individual "alleged to have illegally conducted the enterprise's affairs", the court dismissed the action, as it was impossible to identify the proper defendant, as "it is not clear what legal entity or association-in-fact Plaintiff alleges to be an enterprise". *Dimov* at 15. The *Dimov* complaint uses the terms "enterprise" and "association-in-fact", but the court holds that merely alleging the existence of either is "nothing more than a conclusion and a 'formulaic recitation of the elements' for a RICO cause of action". *Id*. at 18 (*quoting Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007)).

In *Begala v. PNC Bank*, 214 F.3d 776 (6th Cir. 2000) the Court of Appeals dismissed a § 1962(c) complaint for failing to properly plead enterprise. *Begala*, 214 F.3d at 781. The court found that a complaint that "lists a string of entities allegedly comprising the enterprise, and then lists a string of supposed racketeering activities in which the enterprise purportedly engages" was "entirely devoid of" the factual allegations required to establish the coordination and continuity of an enterprise. *Id*. at 782.

Even more recently, the Sixth Circuit Court of Appeals dismissed a complaint for failure to allege existence of an enterprise, where plaintiffs "did not describe the hierarchical structure of an enterprise, much less name the specific

persons in the enterprises and their roles . . ." *Perkins v. Wells Fargo Bank*, 2014 U.S. App. LEXIS 5006 (6th Cir. 2014) (unpublished) (Exh. 1).

Here, Counts I through XX fail to allege which factual allegations pertain to which Defendant.  Contrary to multiple holdings in the Sixth Circuit, the Complaint against Shaw merely proffers a list of entities and a list of alleged racketeering activities without sufficient factual allegations as to how Shaw participated in each alleged enterprise.  Even with the incorporation of the allegations in the body of the Complaint, Allstate fails to specify *each* predicate act Shaw allegedly performed or agreed would be performed in *each* enterprise, as required by *Hall,* supra.

Many of the alleged predicate acts vaguely described in the Complaint predate Shaw's provision of legal services to any of the parties, which began in June, 2011.  PHS was not even formed until February 1, 2012. *See* (Exh. 3).  The predicate acts alleged by Plaintiffs begin in 2007.  Clearly, the counts, with their copy-and-paste format, fail to delineate between defendants and Allstate does not properly allege the factual support for *each* RICO element as to *each* defendant.

As noted above, merely alleging the existence of an enterprise paired with a formulaic recitation of the elements of a § 1962(c)-(d) violation is not enough to sustain a complaint.   Here, each count simply states that each entity listed in the heading of a count "constitutes an enterprise, as defined by 18 U.S.C. § 1961(4),

engaged in, and the activities of which affect, interstate commerce". *See, e.g.* Complaint at ¶ 1375. The following paragraph in each count simply states that the defendants in the relevant count "participated in the conduct of this enterprise through a pattern of racketeering activities". *See, e.g.* Complaint at ¶ 1376. This is wholly contrary to requirements specified in *Begala*, *Hall*, and *Dimov*.

While each count does incorporate the allegations in the body of the complaint, Allstate still must indicate how Shaw fits into each enterprise. It is difficult to formulate a response to allegations of Shaw's participation in each alleged enterprise, as the Complaint is so devoid of facts. Essentially, it would require a guessing game on our part to fill in the gaps left by Allstate. Here, the Complaint does not detail how Shaw is related to or associated with each enterprise; if or how Shaw participated in the common purpose of each enterprise; if or how Shaw participated, indirectly or directly, with the commission of the predicate violations; or if and how Shaw was necessary for the fulfillment of the objectives of each enterprise. The Complaint simply lumps together defendants and actions without the delineation required to properly analyze the allegations of a RICO enterprise.

Counts I through XX should be dismissed under Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for these reasons. Rule 8(a)(2) requires a pleading to set forth "a short and plain statement of the claim showing that the

pleader is entitled to relief." However, pleading facts as to all Defendants

collectively and cumulatively and stating that those facts satisfy the elements of a §

1962(c) civil RICO cause of action, fails to satisfy this standard.

> 2.   *Complaint Fails to Plead how Shaw Participated in Two Predicate Acts of Racketeering Requisite Rule 9(b) Particularity*

The Complaint alleges RICO predicate acts of mail and wire fraud. "A

RICO Complaint must allege facts which would, if proved, constitute acts

indictable under the listed [predicate acts of racketeering activity] statutes. In a

sense, RICO is derivative." *DeLorean v. Cork Gully*, 118 B.R. 932, 940 (E.D.

Mich. 1990).  Rule 9(b) applies to the pleading of a RICO predicate offense

involving fraud. *See Hall*, 726 F. Supp. at 1093. A complaint must allege with

particularity, the "circumstances constituting fraud or mistake." Fed. R. Civ. P.

9(b).  18 U.S.C. § 1961(5) requires two predicate acts of racketeering activity

within a ten-year period to conclusively establish a "pattern of racketeering

activity" under § 1962(c).  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723

(6th Cir. 2006).

"Mail fraud and wire fraud are proven by showing [1] a scheme or artifice to

defraud combined with [2] either a mailing or an electronic communication [3] for

the purpose of executing the scheme." *VanDenBroek v. CommonPoint Mortgage

Co.*, 210 F.3d 696, 701 (6th Cir. 2000), *overruled in part on other grounds by

Bridge v. Phoenix Bond & Indem Co.*, 553 U.S. 639 (2008).  An actionable scheme

or artifice to defraud is defined as "intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the designed end." *VanDenBroek 210 F.3d at 701*; *see also Hall*, 726 F. Supp. at 1093 (same elements). "Plaintiffs must demonstrate that the defendants made intentional misrepresentations to the plaintiff, that the plaintiffs were deceived, and that the plaintiffs were induced to part with money or property in reliance on the alleged misrepresentations." *DeLorean*, 118 B.R. at 940 (citing *Warren v. Mfrs. Nat'l Bank of Detroit*, 759 F.2d 542, 545 (6th Cir. 1985).

A thorough review of pleadings in civil RICO cases based on predicate acts of mail fraud is necessary and may require "specific allegations as to *which* defendant caused *what* to be mailed". *Berent v. Kemper Corp.,* 780 F. Supp. 431, 448 (E.D. Mich. 1991) (emphasis in original) (noting that courts "routinely" dismiss RICO actions where plaintiffs fail to state the "precise individuals who made the purportedly fraudulent statements). More recently, courts in the Sixth Circuit agree that "[p]laintiffs 'must make specific allegations as to which defendant made which telephone calls or mailings, and how each call or mailing furthered the fraudulent scheme". *Penn v. Prosper Business Development*, 2011 U.S. Dist. LEXIS 57366, 38 (S.D. Ohio 2011) (*citing Carr v. Countrymark Cooperative*, 1998 U.S. Dist. LEXIS 23000 (S.D. Ohio 1998)).

10

"To satisfy FRCP 9(b), a plaintiff must at a minimum allege the time, place and contents of the misrepresentations upon which he relied." *Hall*, 726 F. Supp. at 1093 (quoting *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). "Further, a plaintiff must specify the identity of the person making the representation." *DeLorean*, 118 B.R. at 940. "The conclusory allegations that a defendant acted fraudulently is insufficient." *Id.* "Finally, a RICO complaint based on mail or wire fraud must state with particularity the false statement of fact made by the defendant upon which the plaintiff relied on and the facts showing the plaintiff's reliance on the defendant's false statement of fact." *Blount Fin'l Servs., Inc. v. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987).

*Carr v. Countrymark Cooperative*, 1998 U.S. Dist. LEXIS 23000 (S.D. Ohio 1998) and *Eby v. Producers Co-Op*, 959 F. Supp. 428 (W.D. Mich. 1997), provide guidance on the specificity required in pleading mail fraud as a predicate act for a § 1962 violation. *Carr*, infra, held that "referring to defendants collectively, without making any differentiation among them" lacks the required specificity to support a RICO claim. *Carr* 1998 U.S. Dist. LEXIS at 9. *Eby* rejects the argument that plaintiffs should not be required to plead with specificity "because specific information is under the [d]efendant's control". *Eby* 959 F. Supp. at 431. Further, the *Eby* court notes that the Sixth Circuit finds "generalized, conclusory allegations

11

lack the particularity necessary to plead fraud . . ." *Id*. at 431-432 (*citing Craighead v. EF Hutton*, 899 F.2d 485, 491 (6th Cir. 1990)).

The Complaint fails to specifically allege what misrepresentations of material fact Shaw made to the Plaintiffs in any specific mailing or wire communication. The Complaint fails to specifically allege which of the Defendants made such misrepresentations.  Here, Exhibit 22 to the Complaint includes examples of alleged instances of mail fraud; however, in the Complaint itself, Allstate refers to the defendants collectively, with language such as "[Count 1 defendants] intentionally caused to be prepared and mailed false medical documentation by UHG, or knew that such false medical documentation would be mailed . . . or should have reasonably foreseen that the mailing of such false medical documentation . . . would occur".  *See, e.g.* Complaint at ¶ 1364.  In the body of the Complaint, incorporated into each count, there is no differentiation between which defendants caused what to be mailed, resulting in general and conclusory allegations, barred by Sixth Circuit case law.

Importantly, referring to Exhibit 22 to the Complaint, no alleged instances of mail fraud emanated from either of Shaw's places of employment, Shaw & Associates and Professional Health Services.  *See* Exh. 22 to the Complaint.  As the Complaint also fails to allege Shaw's role in any enterprise that may or may not have participated in the predicate acts of mail fraud, it is impossible to link Shaw

to any predicate act required to move forward with a § 1962(c) claim.  As mentioned, Shaw did not start at PHS until June, 2011—after many of the alleged predicate acts of mail fraud occurred.

Contrary to the pleading requirements, the extraordinarily general allegations that Shaw purposefully misrepresented billing claims, ordered that doctors write certain prescriptions, and pressured doctors to post date medical records, make certain diagnoses, and order that narratives and reports prepared by personal injury attorneys be included in patient medical charts, are conclusory and have no factual basis.  There is no specificity as to which billing claims Shaw misrepresented; which medical professionals Shaw pressured to write attendance care prescriptions; which doctors Shaw pressured to post date medical records; which medical records Shaw post dated; which diagnoses Shaw made; which narratives Shaw ordered included in medical charts; which personal injury attorneys wrote the narratives; so on, and so forth.  In short, there is a complete absence of the specificity required to bolster the conclusory allegations made by plaintiff against Defendant Shaw.

Certainly, this Court would dismiss this Complaint as to Shaw with little debate if it was solely an accusation against him of mail or wire fraud, as the actions detailed in the Complaint are not indictable.  These allegations fall far short of the specificity required of Rule 9(b).

3.      Failure to Allege a *"Pattern of Racketeering Activity"*

As the Complaint fails to allege even one predicate act of racketeering

activity with the requisite specificity, the RICO claim is additionally defective for

failure to allege a "pattern of racketeering activity." 18 U.S.C. § 1961(5) (*prima*

*facie* "pattern racketeering activity" element "requires at least two acts of

racketeering activity."); *Craighead v. EF Hutton*, 899 F.2d 485, 495 (6th Cir. 1990)

("As plaintiffs have failed to allege any predicate acts, there can be no pattern of

racketeering.").

**C.      Counts II, IV, VI, VIII, X, XII, XIV, XVI, XVIII, and XX Fail to Allege a Basis for Any Specific Defendant's Liability and Otherwise Meet the Pleading Requirements of Rules 8(a)(2) and 9(b) and the Resulting Failure to Satisfy the "Pattern of Racketeering Activity" Requirement in Pleading a RICO Cause of Action Compels Dismissal of RICO Conspiracy Charges**

The Sixth Circuit Court of Appeals and Eastern District of Michigan hold

that the analysis of § 1962(d) conspiracy in *United States v. Neapolitan*, 791 F.2d

489, 499 (7th Cir. 1986), is expansive and accurate. *See United States v. Joseph*,

835 F.2d 1149, 1152 (6th Cir. 1987). *See also Hall* at 880.  In *Neapolitan*, the court

discusses RICO conspiracy, finding that it requires two agreements: 1) an

agreement to conduct or participate in the affairs of an enterprise; and 2) an

agreement to the commission of at least two predicate acts.  *Neapolitan* 791 F.2d at

499.

14

Therefore,

> "[A] defendant who did not agree to the commission of crimes constituting a pattern of racketeering activity is not in violation of § 1962(d), even though he is somehow affiliated with a RICO enterprise, and neither is the defendant who agrees to the commission of two criminal acts but does not consent to the involvement of an enterprise . . . Thus, mere association with the enterprise would not constitute an actionable § 1962(d) violation." *Id.*

The Supreme Court noted that a defendant does not need to personally commit or agree to personally commit the two predicate acts underlying the substantive § 1962(c) offense to be liable under a theory § 1962(d) RICO Conspiracy. *Salinas v. United States*, 522 U.S. 52, 65-66 (1997). However, to be liable under § 1962(d), there must at least be a showing that the defendant "agreed that *someone* would commit two predicate acts". *United States v. Driver*, 535 F.3d 424, 432 (6th Cir. 2008).

Here, the Complaint is bereft of the specificity required to implicate Shaw in any of the alleged predicate violations of the federal mail fraud statute. Further, the Complaint fails to properly allege Shaw's role in any enterprises implicated in the alleged mail fraud. Even if the court finds that the Complaint properly alleged enterprise, mere association with the UHG enterprise does not indicate a per se violation of § 1962(d)—there must also be a showing that Shaw agreed that someone within those enterprises would commit mail fraud. As discussed, supra, the allegations of mail fraud are not pled with the requisite particularity to make

this determination; therefore, the relevant counts regarding RICO Conspiracy

against Shaw should be dismissed.

   **D.    Counts I-XX should be Dismissed as to Defendant Shaw as Legal**
   **Counsel is not Considered Part of the Management of a Civil**
   **RICO Enterprise**

In *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993), the Supreme Court

held that to conduct or participate in an enterprise's' affairs under § 1962(c), "one

must have some part in directing those affairs". The *Reves* Court specifically

states, "[O]ne is not liable under [§ 1962(c)] unless one has participated in the

operation or management of the enterprise itself". *Id*. at 183.

District Courts within the Sixth Circuit have extended the *Reves* "operation

or management" test to attorneys, finding that the provision of lawful legal advice

and services to a facially lawful enterprise as its counsel does not rise to the level

of operation or management under *Reves*. *See Miller v. Countrywide Home Loans,*

*et al*, 747 F. Supp. 2d 947, 966 (S.D. Ohio 2010). *See also Penn* 2011 U.S. Dist.

LEXIS 57366 at 37 (finding that courts agree that traditional legal services do not

constitute operation or management of an enterprise for purposes of RICO

liability).

An attorney who provides services to an enterprise "does not rise to the level

of direction, whether one is 'inside' or 'outside'" of the enterprise. *Penn* 2011

LEXIS 57366 at 38 (*citing Walter v. Drayson*, 538 F.3d 1244 (9th Cir. 2008)). In

*Walter*, the plaintiff alleged that the attorney, her law firm, and others formed an association-in-fact enterprise to achieve a fraudulent goal. *Walter* at 1246. While the Walter court agrees that the group could and probably did form an association-in-fact enterprise, the court held that providing legal services, even of poor quality, and even to the extent that the attorney failed to stop illegal activity, does not rise to the level of providing direction required under *Reves* to participate in the management of an enterprise. *Id.* at 1247-1249. Additionally, the *Walter* court found allegations in the complaint that the attorney defendant acted outside of her professional capacity and role in the law firm to be conclusory, even when viewed in the best light for the plaintiff. *Id.* at 1246 (finding that actions such as not sending monthly reports to certain trustees, refusing to allow plaintiff to see trust documents not protected by attorney-client privilege, etc., did not extend beyond her professional role). In finding that the attorney did not conduct the affairs of the enterprise, one element that the *Walter* court considered was the fact that the attorney was not indispensable to the achievement of the enterprise's goals. *Id.* at 1249.

We recognize that the *Reves* operation and management test does not give blanket immunity to attorneys from RICO violations. *See, e.g. Ouwinga v. Benistar 419 Plan Servs.*, 694 F.3d 783 (6th Cir. 2012). In *Ouwinga*, the court found that the plaintiff properly alleged that the attorney defendants participated in

the enterprise's affairs by showing that the attorneys, despite numerous IRS warnings about the tax consequences of the retirement benefits in question, continued to promote the plans through opinion letters containing known falsities. *Id*. at 792-793 *quoting Davis v. Mutual Life Insurance Co. of New York*, 6 F.3d 367, 380 (6th Cir. 1993) (holding that an insurance company participated in the conduct of a RICO enterprise because it continued in a course of fraudulent sales tactics despite receiving numerous warnings concerning those tactics). The attorney defendants in *Ouwinga* continued with their fraudulent behavior that went beyond traditional legal services "in the face of information" that alerted them or should have alerted them to the nefarious nature of their activities; i.e. that this was not a "facially lawful enterprise". *Ouwinga*, 694 F.3d at 793.

The body of the Complaint levies a variety of conclusory allegations against Shaw. Many of the allegations stem from occurrences prior to Shaw's hiring date of June, 2011. *See, e.g.* Exh. 22 to the Complaint (noting that the alleged incidents of mail fraud begin in 2007). While Fed. R. Civ. P. 9(b) already requires that allegations of fraud be pled with particularity, so too must allegations that an attorney providing legal counsel went that extra step and operated or managed a RICO enterprise. Notably absent from Complaint are any actual examples of prescriptions or medical records allegedly prepared by Shaw. Notably absent from the allegations are any examples of warnings from regulatory agencies regarding

the services being rendered by any of the named defendants.  Notably absent from the Complaint is an allegation that Shaw continued rendering legal services in the face of information that should have alerted him that PHS was not a "facially lawful enterprise".

Here, Shaw's provision of lawful legal advice, as counsel to PHS, does not rise to the level of operation or management under *Reves* in regards to any enterprise.  The allegations that Shaw acted as part of the management of the enterprises are solely based on Shaw being listed on the PHS website under "Management Team".  (Exh. 12 to the Complaint).  In fact, Allstate cites Exhibit 12 to the Complaint as the basis for Shaw being included in the group of individuals that "controlled every aspect of the UHG/PHS" operation.  (Complaint, ¶ 210).  The Complaint lumps together that group of people listed in Exhibit 12 to the Complaint as the group that ordered certain diagnoses be made and certain prescriptions be written, and it appears that the allegation that Shaw participated in those activities is based solely on his appearance in that section of the website.  *Id. See, e.g.* Complaint, ¶¶ 1312, 1285, 1305, 1313, 1327, 1338, and 1340.  Allstate references no other exhibit evidencing that Shaw participated in the operation or management of any enterprise.

Being listed on a website under a heading such as "Management Team" does not legally make an attorney part of the management or operation of a RICO

19

enterprise.  The PHS website listing states that Shaw was General Counsel to PHS and provided advice on "all legal matters" to the Executive Board.  (Complaint, ¶ 229) (Exh. 12 to the Complaint).  Further, it does not matter whether Shaw provided legal services as general counsel or as outside counsel.  As *Penn*, supra, and *Walter*, supra, indicate, whether the attorney is "inside or outside" is immaterial; to make such a distinction is to argue a distinction without a difference.  Importantly, Shaw is certainly not indispensable to the achievement of the alleged "goals" of the "enterprise", as he was hired relatively recently—after many of the alleged predicate acts of mail fraud occurred.  Last, he is not an owner of any of the "enterprises"; rather, he is a salaried employee, agent, and legal counsel to PHS.

None of the allegations state that Shaw's actions went beyond the scope of providing traditional legal services to PHS; or, in the alternative, the allegations are too vague to determine whether that is what Allstate alleges.  Whether or not Shaw did a good job as legal counsel and whether or not the "UHG enterprise" broke the law is immaterial, and Counts I-XX should be dismissed.

### E.   Dismissal of Count XXI Asserting Fraud Is Compelled Due to Its Lack of Particularity Under Rule 9(b)

Under Michigan law, a Plaintiff must state the following elements to have a valid claim for fraud: (1) the defendant made a material misrepresentation, (2) the misrepresentation was false, (3) the defendant knew the statement was false when

made, (4) defendant intended that the plaintiff act upon the statement, (5) the

plaintiff actually acted upon the statement, and (6) plaintiff suffered damages as a

result. *Buntea v. State Farm Mut. Auto Ins. Co.*, 467 F. Supp. 2d 740, 747 (E.D.

Mich. 2006).

      "[T]he circumstances constituting fraud or mistake shall be stated with

particularity." *Buntea*, *supra*; Fed. R. Civ. P. 9(b).  To survive a motion to dismiss,

a fraud claim cannot rest on mere assertions or conclusions, but must allege the

time, place, and content of the alleged misrepresentation that was relied upon; the

fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting

from the fraud. *Id*.  Here, just as Plaintiffs fail to allege any RICO predicate act of

alleged mail or wire fraud with requisite particularity against Shaw, so here

Plaintiffs have failed to allege that common law fraud against Shaw with the

requisite particularity.

      The Complaint does not provide any particular statements, diagnoses, patient

charts, mailings, or other instances in which Shaw made material

misrepresentations that Allstate relied upon.  Vague references to an ambiguous

protocol and no allegations that Shaw had a hand in or intended to make any of the

material misrepresentations listed in Exhibit 22 to the Complaint are insufficient to

allege fraud.  The incidents of material representation and fraud alleged by Allstate

in Exhibit 22 to the Complaint are too attenuated to indicate, even in the light most

favorable to Plaintiff, that Shaw, as legal counsel to PHS, had anything to do with

their submissions.  Those allegations are "mere assertions and conclusions" upon

which Allstate is resting.  Rule 9(b) therefore calls for dismissal of Count II.

### F.  Dismissal of Count XXII Asserting Civil Conspiracy Is Compelled Under the Intra-Corporate Conspiracy Doctrine

A civil conspiracy is "a combination of two or more persons, by some

concerted action, to accomplish a criminal or unlawful purpose".  *Temborius v.*

*Slatkin*, 157 Mich. App. 587, 600 (Mich. Ct. App. 1986).   Allstate must prove

"that all defendants acted tortiously pursuant to a common design" and proof of

civil conspiracy may be "established by circumstantial evidence and may be based

on inference".  *Id*.   "[A] claim for civil conspiracy may not exist in the air; rather it

is necessary to prove a separate, actionable tort."  *Early Detection Center, PC v.*

*New York Life Ins. Co.*, 403 N.W. 2d 830, 836 (Mich. Ct. App. 1986).  Here, as

discussed, the Plaintiff fails to allege fraud, an actionable tort, with sufficient

particularity; therefore, the claim of civil conspiracy cannot progress.

In any event, Shaw cannot be held liable for civil conspiracy as he was

acting as an agent within the scope of his employment with PHS and "a cause of

action does not exist for civil conspiracy between a corporation and its agents

acting within the scope of their employment".  *Landmark Savings & Loan v.*

*Rhoades*, 527 F. Supp. 206, 209 (E.D. Mich. 1981).  *See also Tropf v. Holzman*,

2006 Mich. App. LEXIS 131 (Mich. Ct. App. 2006) (unpublished) (Exh. 2).  Shaw

was legal counsel to PHS, and therefore its agent. *Vandenheede v. Vecchio*, 2013 U.S. Dist. LEXIS 25845,10 (E.D. Mich. 2013). *See also Uniprop, Inc. v. Morganroth*, 260 Mich. App. 442, 447 (Mich. Ct. App. 2004). The Complaint fails to properly allege that Shaw was connected in any way with a RICO enterprise; therefore, the only relationship properly established and meriting discussion is Shaw's position as legal counsel to PHS.

Plaintiff appears to attribute Shaw's role in the alleged conspiracy upon his position as legal counsel to PHS. Additionally, Plaintiff bases their argument that Shaw is part of the management team because of his employment as legal counsel. Plaintiff cannot have it both ways. As PHS employs Shaw as legal counsel, Shaw is an agent of PHS and therefore cannot be part of a civil conspiracy with PHS. For these reasons, Count XXII should be dismissed.

## III.    CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing Plaintiffs' Complaint as to Evan P. Shaw pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Further, Defendant Shaw requests that he be awarded costs and attorney fees incurred in the defense of this matter.

Respectfully submitted,

**Robert Harrison & Associates, PLC**
By:  /s/ Robert S. Harrison
Robert S. Harrison (P14691)
Attorney for Defendant Evan P. Shaw
200 East Long Lake Road, Suite 110
Bloomfield Hills, Michigan 48304
(248) 283-1600
rsh@harrisonplc.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2014 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to each attorney of record herein by electronic means.

/s/ Robert S. Harrison
Robert S. Harrison (P14691)
Attorney for Defendant Evan P. Shaw
200 East Long Lake Road, Suite 110
Bloomfield Hills, Michigan 48304
(248) 283-1600