# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY; and
ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

                    Plaintiffs,

v.

UNIVERSAL HEALTH GROUP, INC. d/b/a
SAGINAW SPINE AND PAIN, MICHIGAN
SPINE AND REHAB, ASSOCIATED MEDICAL,
INC., ASSOCIATED CHIROPRACTIC &
MEDICAL CENTER, and REHAB, INC.;
PROFESSIONAL HEALTH SYSTEMS, LLC;
HEALTH SYSTEMS, INC.; UNITED
WELLNESS CENTERS, INC.; UNITED
WELLNESS CENTER OF DETROIT, PLLC;
UNITED WELLNESS CENTER OF FLINT,
PLLC; UNITED WELLNESS CENTER OF
LANSING, PLLC; CLEAR IMAGING LLC;
HORIZON IMAGING LLC; ASSOCIATED
SURGICAL CENTER, P.C.; AMERICAN
SURGICAL CENTERS I, INC.; AMERICAN
SURGICAL CENTERS II, LLC; WCIS MEDIA,
LLC; UHG MANAGEMENT, LLC; UNITED
WELLNESS CENTERS MANAGEMENT, LLC;
GREATER MICHIGAN PROFESSIONAL
SERVICES LLC d/b/a MI PRO CONSULTANTS;
SCOTT P. ZACK, D.C.; DAVID M. KATZ, D.C.;
CORY J. MANN; YISROEL SIGLER; EVAN P.
SHAW; RON WALTZ; MAZIN K. YALDO,
M.D.; SILVIO J. COZZETTO, D.C.; VINCENT L.
CELENTANO; JOSEPH F. DESANTO; NICOLE
F. MARTINEZ; ANTHONY F. SERENO; LOREN
C. CHUDLER, D.O.; JEFF S. PIERCE, D.O.;
CHINTAN DESAI, M.D.; and MICHAEL PALEY,
M.D.,

                    Defendants.

_____/

Hon. Victoria Roberts

Case No. 13-cv-15108

## DEFENDANT RONALD W. WALTZ'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 9(b)

Defendant Ronald W. Waltz, by and through counsel, pursuant to Fed. R. Civ. P. 56, hereby moves for an Order of Summary Judgment of all claims brought against him.

Further, Defendant Ronald W. Waltz, by and through counsel, pursuant to Fed. R. Civ. P. 9(b), hereby moves for an order dismissing all claims brought against him.

Mr. Waltz also joins in Defendants Ronald W. Waltz, Joseph F. DeSanto, Vincent L. Celentano, Nicole F. Martinez, WCIS Media, LLC and Greater Michigan Professional Services, LLC Motion to Dismiss, which seeks dismissal on grounds not addressed in this Motion.

Defendant Ronald W. Waltz adopts and incorporates by reference the Briefs in Support of the Motions to Dismiss submitted by the other Defendants to this action. This Motion and Brief are submitted to address the defenses and arguments that are unique to Mr. Waltz.

Pursuant to Local Rule 7.1(a), Counsel for Mr. Waltz contacted Counsel for the Plaintiffs and explained the nature of this Motion and its legal bases and requested concurrence in the relief sought but the Plaintiffs did not concur.

WHEREFORE, Defendant Ronald W. Waltz respectfully requests that this Court enter an order granting Summary Judgment as to all claims alleged against him or alternatively dismissing those same claims pursuant to Fed. R. Civ. P. 9(b) and otherwise dismissing all claims against him to the extent the Court grants the dispositive relief requested and briefed by his co-Defendants.

Respectfully submitted,
**Fink + Associates Law**

*/s/ David H. Fink* _____
David H. Fink (P28235)
Darryl Bressack (P67820)
Isaac Sternheim (P77634)
100 West Long Lake Road; Suite 111
Bloomfield Hills, Michigan 48304
Dated:  April 25, 2014                    (248) 971-2500

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY; and
ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

                                 Hon. Victoria Roberts

                                 Case No. 13-cv-15108

             Plaintiffs,

v.

UNIVERSAL HEALTH GROUP, INC. d/b/a
SAGINAW SPINE AND PAIN, MICHIGAN
SPINE AND REHAB, ASSOCIATED MEDICAL,
INC., ASSOCIATED CHIROPRACTIC &
MEDICAL CENTER, and REHAB, INC.;
PROFESSIONAL HEALTH SYSTEMS, LLC;
HEALTH SYSTEMS, INC.; UNITED
WELLNESS CENTERS, INC.; UNITED
WELLNESS CENTER OF DETROIT, PLLC;
UNITED WELLNESS CENTER OF FLINT,
PLLC; UNITED WELLNESS CENTER OF
LANSING, PLLC; CLEAR IMAGING LLC;
HORIZON IMAGING LLC; ASSOCIATED
SURGICAL CENTER, P.C.; AMERICAN
SURGICAL CENTERS I, INC.; AMERICAN
SURGICAL CENTERS II, LLC; WCIS MEDIA,
LLC; UHG MANAGEMENT, LLC; UNITED
WELLNESS CENTERS MANAGEMENT, LLC;
GREATER MICHIGAN PROFESSIONAL
SERVICES LLC d/b/a MI PRO CONSULTANTS;
SCOTT P. ZACK, D.C.; DAVID M. KATZ, D.C.;
CORY J. MANN; YISROEL SIGLER; EVAN P.
SHAW; RON WALTZ; MAZIN K. YALDO,
M.D.; SILVIO J. COZZETTO, D.C.; VINCENT L.
CELENTANO; JOSEPH F. DESANTO; NICOLE
F. MARTINEZ; ANTHONY F. SERENO; LOREN
C. CHUDLER, D.O.; JEFF S. PIERCE, D.O.;
CHINTAN DESAI, M.D.; and MICHAEL PALEY,
M.D.,

             Defendants.

_____/

**BRIEF IN SUPPORT OF DEFENDANT RONALD W. WALTZ'S
MOTION FOR SUMMARY JUDGMENT AND
<u>MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 9(b)</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ............................................................................ i

STATEMENT OF THE ISSUES PRESENTED .................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................ iv

INTRODUCTION .................................................................................1

STATEMENT OF FACTS ...................................................................2

ARGUMENT .......................................................................................6

  I.  JUDGMENT SHOULD BE ENTERED IN FAVOR OF MR. WALTZ
     PURSUANT TO FRCP 56 .............................................................6

    A.  Standard of Review ...................................................................6

    B.  There is No Genuine Dispute of Material Fact Regarding Mr. Waltz's
       Involvement in any of the Activities Underlying the RICO and Fraud
       Claims ...................................................................................7

      1.  Mr. Waltz Did Not Manage the Businesses ...........................7

      2.  Mr. Waltz Was Not Involved in Patient Care or Billing .........9

      3.  Mr. Waltz Did Not Make a Single Representation to Plaintiffs............10

      4.  Mr. Waltz is not an Owner or Manager of UHG or PHS ......................11

      5.  Mr. Waltz Was Not Involved With Health Systems, Inc. and American
         Surgical Centers I, Inc.........................................................12

  II.  THE CLAIMS AGAINST MR. WALTZ LACK PARTICULARITY AND
      SHOULD BE DISMISSED PURSUANT TO FRCP 9(B)..........................12

    A.  Standard of Review .................................................................12

B.      Counts I-XXI (RICO and Common-Law Fraud) Lack the Particularity
        Required by Rule 9(b) and Should be Dismissed ..................................13

CONCLUSION ......................................................................................................16

## **STATEMENT OF THE ISSUES PRESENTED**

1.     Whether Defendant Ronald W. Waltz's Motion for Summary Judgment should be granted because there is no genuine dispute as to any material facts.

     Defendant Ronald W. Waltz Answers:          Yes

     Plaintiffs' Answer:          No

2.     Whether Defendant Ronald W. Waltz's Motion for Dismissal Pursuant to Fed. R. Civ. P. 9(b) should be granted because the Complaint lacks the particularity required by Rule 9(b).

     Defendant Ronald W. Waltz Answers:          Yes

     Plaintiffs' Answer:          No

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

*Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. Ohio 2008)

*Jackson v. Sedgwick Claims Mgmt. Servs.,* 699 F.3d 466 (6th Cir. Mich. 2012)

*Via The Web Designs, L.L.C. v. Beauticontrol Cosmetics, Inc.*, 148 F. App'x 483 (6th Cir. 2005)

*Walburn v. Lockheed Martin Corp.*, 431 F.3d 966 (6th Cir. 1999)

Fed. R. Civ. P. 56

Fed. R. Civ. P. 9(b)

# INDEX OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (U.S. 1986).....................................6

*Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548,
  91 L. Ed. 2d 265 (1986)................................................................6

*Frank v. Dana Corp.,* 547 F.3d 564 (6th Cir. Ohio 2008)......................................12

*In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583 (E.D. Mich. 1985) .........13

*In re Prison Realty Sec. Litig.*, 117 F. Supp 2d 681 (M.D. Tenn. 2000)................13

*Jackson v. Sedgwick Claims Mgmt. Servs.,* 699 F.3d 466
  (6th Cir. Mich. 2012)................................................................13

*Kendall v. Hoover Co.,* 751 F.2d 171 (6th Cir. 1984) ...............................................6

*Via The Web Designs, L.L.C. v. Beauticontrol Cosmetics, Inc.*,
  148 F. App'x 483 (6th Cir. 2005) ...........................................................6

*Walburn v. Lockheed Martin Corp.*, 431 F.3d 966 (6th Cir. 1999).........................12

## Statutes

18 U.S.C. §1964.................................................................................7

## Rules

Fed. R. Civ. P. 56 .............................................................................. 6, 16

Fed. R. Civ. P. 9(b) ........................................................................... 12, 16

## **INTRODUCTION**

The 1677 paragraph Complaint filed by the Allstate Plaintiffs names thirty-two Defendants, including Ronald W. Waltz. Plaintiffs appear to allege that each defendant is somehow part of a grand conspiracy. Discovery will prove these allegations to be unfounded. But, at least with respect to Mr. Waltz, discovery is not necessary. As detailed in Mr. Waltz's affidavit, there is no genuine dispute as to any material fact related to the claims brought against him.

There is no legitimate factual basis to support the allegations against Mr. Waltz. By all appearances, Mr. Waltz was named solely because Plaintiffs knew his name and knew he was employed by some of the corporate defendants. As Mr. Waltz's affidavit shows, the Complaint is materially incorrect regarding his job duties and his ownership interests. Mr. Waltz had no involvement—whatsoever—in any of the activities that supposedly form the basis for Plaintiffs' claims. Mr. Waltz has no ownership in any of defendant entities.

In their failed attempt to assign individual liability to Mr. Waltz, Plaintiffs level certain factual allegations against him individually. First, Plaintiffs allege that Mr. Waltz was part of the "Executive Management Team" of PHS, and thus, by inference, a participant in the provision of medical care. Similarly, Plaintiffs allege that Mr. Waltz provided direction in submitting documentation regarding supposedly unnecessary medical services. In fact, as he attests in his affidavit,

other than his accounting responsibilities, Mr. Waltz had no managerial role. He was responsible for maintaining the books and records for some of the companies, but he was not involved in any way in the management of medical care or in communications with third parties about such care. Second, Plaintiffs allege that Mr. Waltz is an owner or manager of UHG/PHS and has an interest in every medical facility named in the Complaint. Again, assuming *arguendo* that ownership or management were sufficient to establish individual liability (they are not), Mr. Waltz's affidavit makes clear that he does not have an interest in, or non-accounting management responsibilities for, any of the entities in question.

## STATEMENT OF FACTS

Ronald W. Waltz is a Certified Public Accountant and holds a bachelor's degree from the University of Michigan-Dearborn, in Professional Accounting. (Affidavit of Ronald W. Waltz ("Waltz Aff." at ¶ 2)). Mr. Waltz held the position of Chief Financial Officer ("CFO") of UHG Management, LLC ("UHG") from September 2011 through April 2013 (Id. ¶ 3). He held the position of CFO of Professional Health Systems, LLC ("PHS") from approximately April, 2012, through April, 2013. (Id. ¶ 4). He longer works at either UHG or PHS. (Id. ¶ 5).

Plaintiffs allege that Mr. Waltz and others "managed and operated every aspect of the medical facility defendants, from soliciting patients to establishing predetermined treatment protocols to dictating the content of medical records and

what prescriptions were to be written to billing Allstate for the treatment purportedly rendered." (Complaint ¶ 1312). This is far from the truth. While Mr. Waltz was given the title of Chief Financial Officer, his actual role was much more limited than the title could imply for other businesses. (Waltz Aff. ¶ 6). Mr. Waltz managed three employees in the Accounting and Finance Department for Universal Health Group, Inc., Professional Health Systems, LLC, United Wellness Centers, Inc. and UHG Management, LLC. (Id. ¶ 7). Those employees had accounting related duties. (Id. ¶ 7).

Mr. Waltz's duties were typical of in-house accountants. He managed the daily accounting functions, daily cash activities, weekly cash flow projections, monthly financial statements, month-end closing and reporting for Universal Health Group, Inc, Professional Health Systems, LLC, United Wellness Centers, Inc. and UHG Management, LLC. (Id. 8). He also reconciled general ledger accounts, prepared journal entries and analyzed and converted financial results from these companies. (Id.). He managed month-end closing and reporting for American Surgical Centers II, LLC. (Id. ¶ 9). He converted financial results from accrual to cash basis for WCIS Media and Greater Michigan Professional Services. (Id. ¶ 10).

Occasionally, he received billing data or financial reports regarding Associated Surgical Center, P.C., United Wellness Center of Detroit, PLLC,

United Wellness Center of Flint, PLLC, United Wellness Center of Lansing, PLLC, United Wellness Centers Management, LLC, Clear Imaging, LLC and Horizon Imaging, LLC, but for filing and sharing purposes. (Id. ¶ 11). He had no involvement of any kind regarding American Surgical Centers I, Inc. and Health Systems, Inc. (Id. ¶ 12).

Besides the abovementioned accounting related duties, Mr. Waltz had no involvement in any other areas of any of the companies.(Id. ¶ 13, 14). Other than his oversight of the accounting departments, he had no involvement or decision-making authority in the management of the companies or of any medical facility. (Id. ¶ 14). He was not involved in patient intake or sign-up (or "solicitation" as framed by Plaintiffs). (Id. ¶ 15). He had no involvement or interaction with patient referrals or patient care. (Id. ¶ 16). He was not involved in any way with medical billing or establishing treatment protocols. (Id. ¶ 17). Mr. Waltz was not involved in dictating the content of medical records or deciding what prescriptions were to be written. (Id. ¶ 18). He never instructed anyone to include or exclude anything in a medical record or report, nor did he attempt to advise or instruct anyone regarding patient care in any way. (Id. ¶ 19). To his knowledge, none of the employees of the Accounting Department had any involvement with patient care or billing at any of the companies. (Id. ¶ 20).

Plaintiffs allege that Mr. Waltz, and others, "submitted to Allstate documentation that materially misrepresented that the medical services they provided were necessary within the meaning of the Michigan No-Fault Act, that the charges for the same were reasonable ...." (Complaint ¶ 1285). But, as stated in his affidavit, Mr. Waltz had no involvement in submitting bills to Allstate (or any other insurer), nor did he have any non-accounting involvement with the billing department. (Id. ¶¶ 21, 22). Mr. Waltz did not mail or cause anything to be mailed through the billing department. (Id. ¶ 23). He did not mail or cause to be mailed to Allstate any reports, records or bills. (Id. ¶ 24). His job duties had nothing to do with the mailing of documents to Allstate. (Id. ¶ 25).

Mr. Waltz had no interaction with Plaintiffs and thus could not—did not—conceal anything from them. He made no representations to them, let alone misrepresentations. (Id. ¶ 26).

Plaintiffs also allege that Mr. Waltz, and others, "are the owners/managers of UHG/PHS and have an interest in every medical facility named herein." (Complaint ¶ 1338). To the contrary, Mr. Waltz has never had an ownership interest in UHG/PHS or any medical facility named in the Complaint. (Waltz Aff. ¶ 27).

# ARGUMENT

## I.   JUDGMENT SHOULD BE ENTERED IN FAVOR OF MR. WALTZ PURSUANT TO FRCP 56

### A. Standard of Review

A Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 is properly granted before the close of discovery where there is no genuine issue as to any material fact. *Via The Web Designs, L.L.C. v. Beauticontrol Cosmetics, Inc.*, 148 F. App'x 483, 489 (6th Cir. 2005); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A fact is "material" regarding a motion for summary judgment "if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322-23. "The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (U.S. 1986).

**B. There is No Genuine Dispute of Material Fact Regarding Mr. Waltz's Involvement in any of the Activities Underlying the RICO and Fraud Claims**

Plaintiffs allege ten civil RICO counts, pled under 18 U.S.C. §1964, and ten counts of conspiracy to violate 18 U.S.C. §1964. Plaintiffs also allege common law fraud against Mr. Waltz, based upon supposed misrepresentations made to Allstate. (Complaint ¶¶ 1632-1639).

The crux of Plaintiffs' Complaint is that the "defendants" induced Allstate to pay charges "for unnecessary and excessive medical services [by submitting] to Allstate documentation that materially misrepresented that the medical services they provided were necessary within the meaning of the Michigan No-Fault Act, that the charges for the same were reasonable, and that all treatment was lawfully rendered (including rendered to patients who were not obtained in violation of Michigan's prohibition on solicitation)." (Complaint ¶ 1285).

Although the Complaint is a full 230 pages, there are very few relevant allegations concerning Mr. Waltz. The very few allegations specifically (but not with the requisite particularity) alleged against Mr. Waltz are based on nothing but conjecture. Mr. Waltz's affidavit makes clear that the conjecture is meritless.

### 1.  Mr. Waltz Did Not Manage the Businesses

Plaintiffs allege that the "Executive Management Team" of PHS was comprised of Zack, Katz, Mann, Sigler, Shaw, and Mr. Waltz. (Complaint, ¶¶ 2,

7

45). Although Mr. Waltz was designated Chief Financial Officer, his actual role was much more limited than the title could imply for other businesses. (Waltz Aff. ¶ 6). He had no management authority regarding any of the aspects of these businesses addressed in the Complaint—patient intake, establishing treatment protocols, preparing medical reports, writing prescriptions, referring patients for medical services, or even billing or communicating with the Plaintiffs. He managed three employees in the Accounting and Finance Department, regarding accounting-related duties for Universal Health Group, Inc., Professional Health Systems, LLC, United Wellness Centers, Inc. and UHG Management, LLC. (Id. ¶ 7). He managed the daily accounting functions, daily cash activities, weekly cash flow projections, monthly financial statements, month-end closing and reporting for Universal Health Group, Inc, Professional Health Systems, LLC, United Wellness Centers, Inc. and UHG Management, LLC. (Id. 8). He also reconciled general ledger accounts, prepared journal entries and analyzed and converted financial results from accrual to cash basis for these companies. (Id.).[1] I managed month-end closing and reporting for American Surgical Centers II, LLC.

On occasion, Mr. Waltz received billing data or financial reports regarding Associated Surgical Center, P.C., United Wellness Center of Detroit, PLLC,

---

[1] Mr. Waltz also managed month-end closing and reporting for American Surgical Centers II, LLC and converted financial results from accrual to cash basis for WCIS Media and Greater Michigan Professional Services. (Id. ¶¶ 9, 10).

8

United Wellness Center of Flint, PLLC, United Wellness Center of Lansing, PLLC, United Wellness Centers Management, LLC, Clear Imaging, LLC and Horizon Imaging, LLC, but for filing and sharing purposes. (Id. 11). He received these documents not due to any management role, but to help file them or to provide them to others.[2]

Other than with respect to these limited accounting or controller functions, Mr. Waltz had no managerial or supervisory role at any of the companies.

### 2. Mr. Waltz Was Not Involved in Patient Care or Billing

Plaintiffs allege that Mr. Waltz participated in submitting "to Allstate documentation that materially misrepresented that the medical services they provided were necessary within the meaning of the Michigan No-Fault Act, that the charges for the same were reasonable, and that all treatment was lawfully rendered (including rendered to patients who were not obtained in violation of Michigan's prohibition on solicitation)." (Complaint ¶ 1285). Plaintiffs similarly allege that Mr. Waltz, with others, "managed and operated every aspect of the medical facility defendants, from soliciting patients to establishing predetermined treatment protocols to dictating the content of medical records and what prescriptions were to be written to billing Allstate for the treatment purportedly

---

[2] Mr. Waltz had no involvement with American Surgical Centers I, Inc. or Health Systems, Inc. (Waltz Aff. ¶ 12).

9

rendered." (Id. ¶ 1312) (materially similar allegations are found elsewhere in the Complaint at ¶¶ 1313, 1319, 1327, 1338, 1349 and 1364, among others).

Mr. Waltz's duties were confined to the financial functions outlined above. (Waltz Aff. ¶¶ 13, 14). He was not involved in patient intake or sign-up (or "solicitation" as framed by Plaintiffs). (Id. ¶ 15). He had no involvement or interaction with patient referrals or patient care. (Id. ¶ 16). He was not involved in any way with medical billing or establishing treatment protocols. (Id. ¶ 17). Mr. Waltz was not involved in dictating the content of medical records or deciding what prescriptions were to be written. (Id. ¶ 18). He never instructed anyone to include or exclude anything in a medical record or report. (Id. ¶ 19). He never attempted to advise or instruct anyone regarding patient care in any way. (Id.). In fact, to his knowledge, none of the employees of the Accounting Department had any involvement with patient care or billing. (Id. ¶ 20).

### 3.  Mr. Waltz Did Not Make a Single Representation to Plaintiffs

Plaintiffs further allege that Mr. Waltz and others "concealed from Allstate facts regarding the fact and medical necessity of medical procedures performed for patients of the medical facility defendants to prevent Allstate from discovering that the claims submitted by the medical facility defendants were not compensable under the No-Fault Act." (Complaint, ¶ 1319-20) (materially similar allegations, primarily included to support the RICO claims, include ¶¶ 1349, 1363-81, 1390-

1408, 1417-35, 1444-62, 1471-89, 1498-1516, 1525-43, 1552-70, 1579-96, 1605-23).

In fact, Mr. Waltz had no involvement in submitting bills to Allstate (or any other insurer), nor did he have any non-accounting involvement with the billing department. (Waltz Aff. ¶¶ 21, 22). Mr. Waltz did not mail or cause anything to be mailed through the billing department. (Id. ¶ 23). Mr. Waltz did not mail or cause to be mailed to Allstate any reports, records or bills at all, let alone ones that allegedly make material misrepresentations. (Id. ¶ 24). His job duties had nothing to do with the mailing of documents to Plaintiffs. (Id. ¶ 25).

Mr. Waltz did not interact with Plaintiffs and thus did not—could not—conceal anything from them. (Id. ¶ 26). He made no representations to them, let alone misrepresentations. (Id.).

### 4.  Mr. Waltz is not an Owner or Manager of UHG or PHS

Plaintiffs falsely allege that Mr. Waltz, and others, is an owner/manager of UHG/PHS and has an interest in every medical facility named in the Complaint. (Complaint, ¶ 1338). But, except with respect to the financial functions outlined above, Mr. Waltz had no involvement in the management of UHG or PHS. (Waltz Aff. ¶¶ 13, 14).

Moreover, he does not have an ownership interest in UHG or PHS, or any of the medical facilities named in the Complaint. (Id. ¶ 27).

### 5. Mr. Waltz Was Not Involved With Health Systems, Inc. and American Surgical Centers I, Inc.

Counts IV, VIII, X, XII, XIV and XVI assert allegations against a number of Defendants including Mr. Waltz regarding two medical facilities – Health Systems, Inc. and American Surgical Centers I, Inc. But, Mr. Waltz had no duties or responsibilities at all with respect to those facilities nor was he involved in any matters relating to those entities. (Waltz Aff. ¶ 14).

## II. THE CLAIMS AGAINST MR. WALTZ LACK PARTICULARITY AND SHOULD BE DISMISSED PURSUANT TO FRCP 9(B)

### A. Standard of Review

Fed. R. Civ. P. 9(b) states: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to satisfy the pleading requirements of Fed. R. Civ. P. 9(b), a complaint must, at a minimum, allege: (1) the time, place, and content of the alleged misrepresentation; (2) the fraudulent scheme; (3) the fraudulent intent of the defendant; and (4) the injury resulting from the fraud. See *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 (6th Cir. 1999); see also *Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. Ohio 2008) (a complaint alleging fraud must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent) (citation omitted). In other words, the claimants must allege "the who, what, when, where, and how of the fraud." *In re Prison Realty Sec. Litig.*, 117 F.

Supp 2d 681, 686 (M.D. Tenn. 2000). "This means that conclusory allegations that [a defendant's] conduct was fraudulent are insufficient. Instead, the complaint must describe the conduct that constitutes the fraud with some specificity." *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 591 (E.D. Mich. 1985).

"Because RICO claims require proof of mail or wire fraud as an element, the plaintiffs must also satisfy the heightened particularity requirements of Federal Rule of Civil Procedure 9(b) with respect to the elements of fraud." *Jackson v. Sedgwick Claims Mgmt. Servs.*, 699 F.3d 466, 475-476 (6th Cir. Mich. 2012) (citation omitted).

### B. Counts I-XXI (RICO and Common-Law Fraud) Lack the Particularity Required by Rule 9(b) and Should be Dismissed

Plaintiffs include Mr. Waltz in their count for common-law fraud (Count XXI). Additionally, Plaintiffs' civil RICO claims (Counts I-XX) assert, and hinge on the assertion, that Mr. Waltz allegedly committed fraud by causing material misrepresentations to be made.

When describing acts allegedly done by Mr. Waltz, the Complaint fails to provide any specificity as to the "time, place and manner." Instead, the allegations are stated in general and conclusory terms. For example, Plaintiffs allege that a group of defendants, including Mr. Waltz: "provided direction" (Complaint ¶ 1285), "managed and operated" (Id. ¶ 1312), "are directly responsible" (Ex. 1, ¶ 1313), "devised and agreed to enact a scheme" (Id. ¶ 1327), "intentionally caused

13

to be prepared" (Id. ¶ 1364), and "employed, knew or should have foreseen." (Id. ¶ 1365). There is absolutely no allegation of the "time, place and manner" regarding Mr. Waltz individually.

Similarly, instead of specifying Mr. Waltz's involvement or the time, place and manner of the alleged misrepresentations, the Complaint alleges in conclusory fashion, a "scheme to defraud Allstate perpetrated by [… a large number of defendants and] Ron Waltz" (Id. ¶ 1633), and generically references "the misrepresentations of fact made by the Count XXI defendants." (Id. ¶ 1634). The Complaint does not specify which statements Mr. Waltz made that were fraudulent; indeed, the Complaint does not identify a single statement attributable to Mr. Waltz. Conclusory statements—"managed," "operated," "directed," "responsible," "devised," "agreed," or "conspired"—are wholly insufficient to provide Mr. Waltz with the type of notice he is entitled to when defending against allegations of fraud. The Complaint alleges that "Zack, Katz, Mann, Sigler, Shaw, Waltz, Celentano, DeSanto, Chudler, PHS, UHG Management, and UWC Management managed and operated every aspect of the medical facility defendants, from soliciting patients to establishing predetermined treatment protocols to dictating the content of medical records and what prescriptions were to be written to billing Allstate for the treatment purportedly rendered." (Complaint ¶ 1312). There is no particularity as to Mr. Waltz. How did he contribute to the

14

alleged misrepresentations? What did he do that was improper or fraudulent? When did he "solicit" patients? When did he dictate the content of medical records? When did he submit, or direct someone to submit, a bill to Allstate, fraudulent or otherwise? How was he in a controlling role with respect to the alleged enterprises? What did he do, individually, to conduct an enterprise's activities? It is simply impossible for Mr. Waltz to defend against such vague and amorphous allegations.

The same lack of specificity infects the allegations of mail fraud. For example, Plaintiffs allege that the "defendants," presumably including Mr. Waltz, "devised and agreed to enact a scheme" (Id. ¶ 1327), and allege that "all of the defendants named herein agreed" (Id. ¶ 1353) and "as the defendants agreed" (Id ¶ 1356). What is lacking is any allegation of what Mr. Waltz did, individually and specifically, to further the alleged scheme. There is no way to discern which predicate act he supposedly did or which of the enterprises he was supposedly involved with. How does Mr. Waltz fit into each enterprise? What predicate act did he participate in? What did he, individually, cause to be mailed? How did that specific mailing further the alleged scheme? What enterprise did he control? How? As presently pled, the Complaint impermissibly forces Mr. Waltz and the Court to guess the answers to these questions.

15

The lack of particularity with respect to Mr. Waltz should be no surprise—Plaintiffs have no legitimate basis to allege that Mr. Waltz was involved in any of the actions purportedly supporting Plaintiffs' claims. And, that lack of particularity is fatal to the claim.[3]

## CONCLUSION

WHEREFORE, Defendant, Ronald W. Waltz, respectfully requests that the Court enter an order granting this Motion for Summary Judgment dismissing all counts against him pursuant to Fed. R. Civ. P 56, and Fed. R. Civ. 9(b) and otherwise dismissing all claims against him to the extent the Court grants the dispositive relief requested and briefed by his co-Defendants.

Dated: April 25, 2014                    Respectfully Submitted,

                                         By: /s/ David H. Fink
                                         David H. Fink (P28235)
                                         Darryl Bressack (P67820)
                                         Isaac Sternheim (P77634)
                                         FINK + ASSOCIATES LAW
                                         100 West Long Lake Road, Suite 111
                                         Bloomfield Hills, MI 48304
                                         (248) 971-2500
                                         dfink@finkandassociateslaw.com
                                         dbressack@finkandassociateslaw.com

---

[3] Mr. Waltz joins in and concurs with the dispositive briefing filed by his co-Defendants.

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2014, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/David H. Fink
David H. Fink (P28235)
100 West Long Lake Road, Suite111
Bloomfield Hills, MI  48304
(248) 971-2500
dfink@finkandassociateslaw.com